UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
JOEL SOLER and GREGORY SOLER,

                      Plaintiffs,

-against-

THE CITY OF NEW YORK, SGT. MOHAMADY PATWEKAR, Shield No. 3442, Individually and in his Official Capacity, P.O. FELIX TORRES, Shield No. 4158, Individually and in his Official Capacity, and P.O. GEIDY VICENTE, Shield No. 17738, Individually and in her Official Capacity,

                      Defendants.
-------------------------------------------------------------------------

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs, JOEL SOLER and GREGORY SOLER, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

### PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs, JOEL SOLER and GREGORY SOLER, are, and have been, at all relevant times, residents of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, SGT. MOHAMADY PATWEKAR, P.O. FELIX TORRES, and P.O. GEIDY VICENTE, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about October 28, 2013, at approximately 10:30 p.m., plaintiff GREGORY SOLER was driving lawfully in the vicinity of his home, at or near the corner of Morris Avenue and East 183 Street, in Bronx County in the State of New York.

14. At that time and place, the individually named officers pulled client over in his vehicle.

15. The officers approached plaintiff's vehicle, then grew combative, pulled plaintiff GREGORY SOLER from his vehicle, and threw him to the ground, immediately placing him in handcuffs.

16. Thereafter GREGORY SOLER's brother, JOEL SOLER, arrived to the scene and demanded to know why his brother was being arrested.

17. The defendant NYPD officers immediately placed the plaintiff JOEL SOLER in handcuffs.

18. At no time on or about October 28, 2013 did either plaintiff commit any crime or violation of law.

19. At no time on or about October 28, 2013 did defendants possess probable cause to arrest plaintiffs.

20. At no time on or about October 28, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

21. Nevertheless, as a direct result of defendants' actions, plaintiffs were held in custody for approximately twenty hours each.

22. Despite defendants' conduct, the plaintiff, GREGORY SOLER, was released when the Bronx County District Attorney's Office declined to prosecute charges against him.

23. Despite defendants' conduct, the plaintiff, JOEL SOLER, was released when the

proceedings against him were adjourned in contemplation of dismissal at his arraignment.

24. As a result of the foregoing, plaintiffs JOEL SOLER and GREGORY SOLER sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiffs, JOEL SOLER and GREGORY SOLER, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiffs JOEL SOLER and GREGORY SOLER repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

31. As a result of the defendants' conduct, plaintiffs were subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

32. As a result of the foregoing, plaintiffs' liberty was each restricted, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

33. Plaintiffs, JOEL SOLER and GREGORY SOLER, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

34. Defendants arrested, searched, and incarcerated plaintiffs, JOEL SOLER and GREGORY SOLER, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiffs' liberty, well-being, and safety, and violate their constitutional rights.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

  ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

  iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

  iv. failing to properly train police officers in the requirements of the United States Constitution.

38. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

  i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

  ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

  iii. falsifying evidence and testimony to support those arrests;

  iv. falsifying evidence and testimony to cover up police misconduct.

39. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, JOEL SOLER and GREGORY SOLER.

40. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

42. As a result of the foregoing customs, policies, usages, practices, procedures and rules

of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were placed under arrest unlawfully.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

44. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

45. All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights.

## PENDANT STATE CLAIMS

46. Plaintiffs, JOEL SOLER and GREGORY SOLER, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47. On or about November 13, 2013, and within (90) days after the claims herein accrued, the plaintiffs duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law §50(e).

48. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

49. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on January 15, 2014 of plaintiff GREGORY SOLER and on January 16, 2014 of plaintiff JOEL SOLER.

50. This action was commenced within one (1) year and ninety (90) days after the causes

of action herein accrued.

51. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

52. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

### THIRD CLAIM FOR RELIEF
### FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

53. Plaintiffs, JOEL SOLER and GREGORY SOLER, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54. At the aforesaid place and time, the individually named defendants did cause plaintiffs, JOEL SOLER and GREGORY SOLER, to be unlawfully assaulted and battered, without cause or provocation.

55. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

56. As a result of the aforesaid assault and battery, plaintiffs, JOEL SOLER and GREGORY SOLER, were injured, both physically and mentally.

### FOURTH CLAIM FOR RELIEF
### FOR FALSE ARREST UNDER NEW YORK LAW

57. Plaintiffs, JOEL SOLER and GREGORY SOLER, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

58. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

59. As a result of the foregoing, plaintiffs' liberty was each restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

60. As a result of the foregoing plaintiffs, JOEL SOLER and GREGORY SOLER, were caused to sustain physical and emotional injuries.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Plaintiffs, JOEL SOLER and GREGORY SOLER, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

62. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

63. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

64. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

65. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

66. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

67. Plaintiffs repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

68. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

69. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

70. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiffs respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 31, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: _____
MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOEL SOLER AND GREGORY SOLER,

                                    Plaintiffs,

-against-

THE CITY OF NEW YORK, SGT. MOHAMADY PATWEKAR, SHIELD NO. 3442, INDIVIDUALLY, AND HIS OFFICIAL CAPACITY, P.O. FELIX TORRES SHIELD NO. 4158, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND P.O. GEIDY VICENTE, SHIELD NO. 17738, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY.

                                    Defendants.

---

## SUMMONS AND COMPLAINT

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiffs*
**80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020**

---

TO:    The City of New York
        c/o New York City Law Dept
        100 Church Street
        New York, New York 10007

        Sgt. Mohamady Patwekar, Shield No. 3442
        c/o The New York City Police Department-46th Precinct
        2120 Ryer Avenue
        Bronx, New York 10457

        Police Officer Felix Torres, Shield No. 4158
        c/o The New York City Police Department-46th Precinct
        2120 Ryer Avenue
        Bronx, New York 10457

        Police Officer Geidy Vicente, Shield No. 17738
        c/o The New York City Police Department-46th Precinct
        2120 Ryer Avenue
        Bronx, New York 10457

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                                                   _____
                                                                                   Matthew Shroyer